INSPECTOR OF BUILDINGS OF FALMOUTH *vs.* GENERAL OUTDOOR ADVERTISING COMPANY, INC.

Barnstable. April 2, 1928.— June 8, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Zoning. Billboard. Municipal Corporations,* By-laws and ordinances. *Statute,* Construction. *Words,* "Building," "Structures."

The word "structures" in G. L. c. 40, § 25, as amended by St. 1925, c. 116, § 1, does not include billboards.

A statute is not to be deemed to supersede a prior statute in whole or in part in the absence of express words or clear implication.

St. 1925, c. 116, § 1, amending the zoning act, G. L. c. 40, § 25, by adding thereto the words "structures and premises," did not by implication supersede the comprehensive provisions of G. L. c. 93, §§ 29, 30, regulating the establishment and maintenance of billboards.

A suit in equity cannot be maintained to compel the removal of a billboard alleged to have been erected and to be maintained in violation of a zoning by-law of a town adopted under G. L. c. 40, § 25; St. 1925, c. 116, § 1, restricting the use of land where it is located to single family residences.

BILL IN EQUITY, filed in the Superior Court on May 5, 1927, to compel the removal of a billboard alleged to have been erected and maintained in violation of a zoning by-law of the town of Falmouth.

The suit was heard in the Superior Court by *Sisk,* J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926). Material facts found by the judge and a ruling requested by the defendant and denied by the judge are stated in the opinion. The judge reported the suit to this court for determination.

Section 25 of G. L. c. 40, as amended by St. 1925, c. 116, § 1, reads as follows:

"A city or town may by ordinance or by-law restrict buildings, structures and premises to be used for particular industries, trades, manufacturing, commercial or other purposes to specified parts of the city or town, or may exclude them from or prohibit any of such uses in specified parts of the city or town, or may provide that such buildings, structures or premises, if situated in certain parts of the city or town, shall be subject to special regulations as to their construction or use. A city or town may also by ordinance or by-law provide that certain kinds of dwelling houses and tenement houses shall be restricted to specified parts of the city or town, or shall be excluded from specified parts of the city or town, or that dwelling houses or tenement houses situated in specified parts of the city or town shall conform to certain regulations in respect to their construction or use which do not apply to such buildings in other parts of the city or town. For the above purpose the city or town may be divided into districts or zones, and the construction and use of buildings and structures and the use of premises in each district or zone may be regulated as above provided. The provisions of this section shall be carried out in such manner as will best promote the health, safety, convenience and welfare of the inhabitants, will lessen the danger from fire, will tend to improve and beautify the city or town, will harmonize with its natural development, and will assist the carrying out of any scheme for municipal improvement put forth by any municipal planning board or board of survey or other like authority. Due regard shall be paid to the characteristics of the different parts of the city or town, and the ordinances or by-laws established hereunder in any city or town shall be the same for zones, districts or streets having substantially the same character."

*J. P. Sylvia, Jr.,* for the plaintiff.

*L. A. Mayberry,* (*W. F. Levis* with him,) for the defendant.

BRALEY, J. This is a suit in equity brought by the building inspector of the town of Falmouth to compel the removal of a billboard owned and maintained by the defendant. The bill in substance alleges that, pursuant to G. L. c. 40, § 25 and amendments thereto, the town of Falmouth, on April 20,

1926, adopted a zoning by-law which was duly approved by the Attorney General on May 3, 1926, and published and in full effect on June 5, 1926. The defendant, at the time the by-law became operative, was the owner of a large wooden outdoor advertising sign located in a section of Falmouth zoned as a single residence district. The defendant began the construction of a new sign or "billboard" to take the place of the existing old one without obtaining a permit from the plaintiff or the sanction of the board of appeals constituted under the zoning by-law, and completed its construction although notified to cease work thereon because the billboard was being built in violation of the by-law. The defendant's answer, while denying that a new billboard was constructed, also alleged that in so far as the zoning laws purported to prevent the defendant from making such repairs or reconstruction as were reasonably necessary to maintain the structure in a safe and workmanlike condition, they were illegal, unconstitutional and unenforceable under the laws of this Commonwealth.

The defendant, however, excepted to the refusal of the court to rule, in accordance with its request, that, upon all the evidence, the plaintiff was not entitled to relief, and also to the denial of the defendant's request that in so far as the zoning by-law — which was adopted by the inhabitants of the town and approved by the Attorney General under the provisions of G. L. c. 40, §§ 25–30, inclusive — applied to billboards and other advertising devices, it was illegal and unenforceable.

It is unquestioned that the Legislature has inherent authority to regulate buildings, structures and premises in the interests of public safety, health, morals and welfare. *Welch* v. *Swasey,* 193 Mass. 364. *Chase* v. *Proprietors of Revere House,* 232 Mass. 88. By art. 50 of the Amendments to the Constitution, "Advertising on public ways, in public places and on private property within public view may be regulated and restricted by law."

The question is whether the word "structures" added to the zoning act by St. 1925, c. 116, § 1, includes billboards. In *Small* v. *Parkway Auto Supplies Inc.* 258 Mass. 30, 33, the

word "building" is defined. Under that definition, which we adopt, it is plain that the word building as used in the zoning act does not include billboards; but by St. 1925, c. 116, § 1, "structures and premises" were added. The amendatory act was approved March 17, 1925, and when it took effect G. L. c. 93, §§ 29, 30, coexistent with G. L. c. 40, § 25, had not been repealed. By G. L. c. 93, §§ 29, 30, advertising signs and devices within public view were placed under the supervision and control of the division of highways of the department of public works which was directed in § 29 to make, amend or repeal rules and regulations for the proper control and restriction of billboards, signs and other devices on public ways or on private property within public view of any highway, public park or reservation, except as provided in § 32, which relates to signs or other devices on or in the rolling stock, stations, subways or structures of or used by common carriers. "Said rules and regulations may require that said billboards, signs or other devices be licensed in accordance therewith and with this section, . . . and need not be uniform throughout the Commonwealth." If it seems necessary or expedient, in the opinion of the division, public hearings may be given. It also provides that, subject to the approval of the commission, cities and towns "may further regulate and restrict said billboards or other devices within their respective limits by ordinance or by-law not inconsistent with sections twenty-nine to thirty-three, inclusive, or with said rules and regulations." By § 31, jurisdiction in equity is given to the court on complaint of the Attorney General, of any town or any officer thereof, or of any interested party, to restrain the violation of any rule, regulation, ordinance or by-law established or adopted under § 29. By § 33, the violation of any rule, ordinance or by-law established under § 29 is punishable by fine. General Laws, c. 93, § 29, was amended by St. 1924, c. 327. By the amendment the division was directed that, before establishing or amending rules or regulations it should hold duly advertised public hearings in so far as may be deemed necessary or expedient, and "Cities and towns may further regulate and restrict said billboards or other devices within their respective limits by ordinance or by-law not

inconsistent with sections twenty-nine to thirty-three, inclusive, or with such rules and regulations."

It is plain, however, that, when the words "structures and premises" were added to the zoning act, a well coördinated and complete system for the establishment and regulation of billboards located on a public way — as the billboard in the case at bar was located — had been established and was in force. The Legislature had conferred upon the division authority over the erection and maintenance of billboards with the subordinate right of cities and towns by ordinance or by-law to make further regulations or orders not inconsistent or at variance with the regulations promulgated by the division.

It is the contention of the plaintiff that the by-law is valid and enforceable under the zoning act as amended. While statutes *in pari materia* are to be construed as corroborative of each other, *Rex* v. *Loxdale,* Burr. 445, 447, and that principle was followed in *Church* v. *Crocker,* 3 Mass. 17, we are of opinion that the Legislature did not intend by the amendment to the zoning act to include billboards and by implication to supersede and repeal G. L. c. 93, § 29. A statute is not to be deemed to supersede a prior statute in whole or in part in the absence of express words or clear implication. *Brown* v. *Lowell,* 8 Met. 172, 174. *Copeland* v. *Mayor & Aldermen of Springfield,* 166 Mass. 498, 504. *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8, 17.

The by-law being invalid as to billboards, the defendant's request — that, upon all the evidence the plaintiff is not entitled to the relief prayed for — should have been given, and a decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*