HARRY I. COHEN *vs.* MORRIS J. PRICE & another.

Worcester. September 22, 1930. — November 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Worcester*, Sewer assessment. *Tax*, Assessment: for sewer. *Practice, Civil*, Appellate Division. *Statute*, Construction, Repeal, Supersedure.

Upon the record before this court on an appeal by the defendant in an action of contract from an order of an appellate division of a district court reversing a finding by the trial judge for the defendant and ordering a judgment for the plaintiff, a contention by the defendant that a motion by him that the plaintiff's request for a report should have been denied because of noncompliance with a rule of the District Court could not be entertained, as the request was not set forth in the record and this court had no means of determining whether it was or was not in proper form.

Where such record showed that a motion by the defendant, that certain portions of a supplemental report made by the trial judge in accordance with an order of the Appellate Division be struck out, was

allowed, such must be taken to be the fact, and a contention by the defendant to the contrary was without merit.

It was not necessary that the city of Worcester should record in the registry of deeds an order enacted in October, 1926, under St. 1867, c. 106, making an assessment for the construction of a sewer, in order that such assessment should be a valid encumbrance upon the land affected thereby; the requirement as to recording in G. L. c. 80, § 2, had no application to an order under St. 1867, c. 106.

G. L. c. 83, § 27, in the amended form appearing in St. 1921, c. 486, § 20, neither expressly nor by implication repealed or superseded the provisions of St. 1867, c. 106.

CONTRACT. Writ in the Central District Court of Worcester dated July 16, 1928.

Material facts found by the trial judge are stated in the opinion.

The record includes a "draft report" by the trial judge, dated October 28, 1929; a "corrected report" filed by the judge "in accordance with" an order of the Appellate Division for the Western District; a motion by the defendants "that the plaintiff's request for report be dismissed as the plaintiff has not complied with Rule 34 of the rules of the District Court (1922)," which was denied on October 4, 1929; a motion by the defendant "to strike out certain portions of the amended report," which was allowed by the Appellate Division; the order of the Appellate Division reversing the finding of the trial judge and ordering judgment for the plaintiff against the defendant Elbert J. Siegal in the sum of $305.17; and the appeal of that defendant.

*S. A. Seder,* (*S. Lurier* with him,) for the defendant Siegal.

*A. M. Hillman,* for the plaintiff.

CROSBY, J. This is an action of contract in which the plaintiff seeks to recover for an alleged breach of covenants of warranty contained in two deeds executed by the defendant Siegal on July 26, 1927, conveying to the plaintiff two certain parcels of real estate situated in the city of Worcester. The plaintiff contends that at the time of the conveyances the premises were subject to a sewer assessment imposed by the city by an order passed on October 19, 1926, and that he was compelled to pay

the assessment. The trial judge found that on July 26, 1927, the defendant Siegal conveyed the two lots in question to the plaintiff by warranty deeds. It is the contention of the plaintiff that the sewer assessment imposed by the city was an encumbrance on the property and was not recited as such in the deeds. The assessment was approved October 19, 1926, but never was recorded in the Worcester district registry of deeds. It is agreed that it was properly passed and that it covers the property in question.

In accordance with an order of the Appellate Division the trial judge made the following specific findings: " 1. The City of Worcester acted under the authority of the Act of 1867 concerning sewers and drains in the City of Worcester . . . 2. The Assessment was made in accordance with the provisions of this Act. 3. In the opinion of the Court the assessment was invalid and did not constitute such a lien as to become an encumbrance under the covenants of the deeds."

At the close of the trial the plaintiff presented, among others, the following requests for rulings: " 15. The City of Worcester acted under Chapter 106 of the laws of 1867 enabling it to create and lay out sewers and drains in said City of Worcester for the purpose of sewerage, drainage and public health and the City of Worcester is not required to file notice thereof at the Registry of Deeds in order to create a lien in its favor as against the property in question . . . 17. The City of Worcester is not bound by Section 27 of Chapter 83 of the General Laws. 18. It is not necessary for the City of Worcester to cause to be recorded in the Registry of Deeds for the County of Worcester, a statement of its action in connection with laying out or construction of any sewer or drain in a public way in the City of Worcester or any statement in connection with the assessment thereof in order to constitute a lien upon the land."

The trial judge declined to grant these requests, and ruled that no lien attaches upon property adjacent to that on which the sewer is built unless and until there

has been a record of the notice or statement filed in the registry of deeds. Accordingly he found for the defendants and at the request of the plaintiff reported the case to the Appellate Division. The case is here on appeal from an order of the Appellate Division reversing the finding of the trial judge and directing the entry of judgment for the plaintiff against the defendant Siegal for the amount of the assessment paid by the plaintiff with interest.

The defendants' motion that the plaintiff's request for a report be denied on the ground that it was not in compliance with Rule 34 of the District Court (1922) cannot be sustained. The request is not set forth in the record and we have no means of determining whether it was or not in proper form. In the absence of anything to the contrary it must be presumed that the request was sufficient in form. See *Spear* v. *Hardon,* 215 Mass. 89, 91; *Stafford* v. *Commonwealth Co.* 263 Mass. 240, 242.

After the trial judge had filed his original report and the Appellate Division had ordered it recommitted for further findings, an amended report containing certain evidence not contained in the first report was filed. The defendants moved to have this evidence struck out. The record shows that the motion was allowed. The record imports complete verity and cannot be contradicted. *Savage* v. *Welch,* 246 Mass. 170. *Ashton Valve Co.* v. *Jean, post,* 360. If the portions of the amended report objected to by the defendants were considered by the Appellate Division the defendants were not prejudiced thereby as it is plain that the evidence included in the amended report added nothing material to the finding of facts contained in the original report.

The question to be decided on the merits is whether the sewer assessment levied on the plaintiff's property constituted a lien notwithstanding the fact that no statement of the action of the city in laying out and constructing the sewer was recorded in the registry of deeds. It is expressly found that the city acted under the au-

thority of and in accordance with St. 1867, c. 106. The pertinent provisions of this statute are as follows: " Section 1. The city council of the city of Worcester may lay, make and maintain in said city all such drains and common sewers as they shall adjudge to be for the public health or convenience, and may repair the same, from time to time, whenever necessary; . . . Section 4. Every person owning real estate upon any street in which any drain or sewer may be laid under or by virtue of this act, and upon the line thereof, or whose real estate may be benefited thereby, shall pay to said city such sum as the mayor and aldermen shall assess upon him as his proportionate share of the expenditure of the city for drains and sewers; and the sum so assessed upon him shall constitute a lien upon said real estate for two years after it is assessed; and if not paid within ninety days after notice of said assessment served upon the owner of said land, or his agent, may be levied by a sale of said real estate to be conducted in the same manner as a sale of real estate for the non-payment of taxes . . ." It is plain that under this statute the assessment constituted a lien upon the plaintiff's property from the time of the assessment. Unless the statute has been repealed it must govern the rights of the parties.

It is the contention of the defendants that the provisions of G. L. c. 80, §§ 1, 2, 17, relating to the assessment of betterments are repugnant to the mode of assessment described in St. 1867, c. 106 and repeal the earlier special act either expressly or by implication. It does not appear that the sewer for the laying out or reconstruction of which the assessment was made on the plaintiff's property was by any formal vote or order stating that betterments were to be assessed under G. L. c. 80. On the contrary it is expressly found that the city acted under St. 1867, c. 106. In these circumstances the requirement of G. L. c. 80, § 2, that the order, plan and estimate be recorded has no application to the proceedings adopted by the city.

General provisions relating to sewer assessments are contained in G. L. c. 83, § 27, as amended by St. 1921, c. 486, § 20.

The enactment of the special statute was due to peculiar conditions existing in Worcester. It was said by Chief Justice Gray in *Butler* v. *Worcester,* 112 Mass. 541, at pages 552–553: "The St. of 1867, c. 106, manifests the opinion and determination of the Legislature that the ordinary provisions of the statutes for the construction of common sewers and the assessment of a portion of the expense of each upon the adjacent estates were inadequate to the needs of a large and rapidly increasing city, not situated upon any river or upon tide water; and that it was necessary to adopt a new and comprehensive system, by which the natural watercourses within the limits of the city of Worcester might be appropriated and adapted to the discharge of the sewage of the whole city, and a proportion of the cost of the extensive works required to carry into effect this purpose be assessed upon all the estates benefited thereby."

The rule of construction for the purpose of determining whether a legislative enactment is intended to be repealed by a subsequent statute is stated by Chief Justice Shaw in *Brown* v. *Lowell,* 8 Met. 172 at pages 174–175, in these words: "It may happen that acts of special legislation may be made in regard to a place, growing out of its peculiar wants, condition, and circumstances; . . . Afterwards, a general act may be passed, having some of the same purposes in view, extending them generally to all the towns of the Commonwealth, with provisions adapted to the condition of all towns. It would be a question depending upon a careful comparison of the two acts, and the objects intended to be accomplished, whether the general act must be deemed an implied repeal of the special prior act. In general, we should think it would require pretty strong terms in the general act, showing that it was intended to supersede the special acts, in order to hold it to be such a repeal."

See *Copeland* v. *Mayor & Aldermen of Springfield,* 166

Mass. 498; *Boston & Albany Railroad* v. *Public Service Commissioners,* 232 Mass. 358, 361; *Inspector of Buildings of Falmouth* v. *General Outdoor Advertising Co. Inc.* 264 Mass. 85, 89.

This special statute enacted more than sixty years ago has been considered in several cases and upheld, although general acts similar to G. L. c. 83, § 27, have been in force. *Worcester Agricultural Society* v. *Mayor & Aldermen of Worcester,* 116 Mass. 189. *Workman* v. *Worcester,* 118 Mass. 168. *Clark* v. *Worcester,* 125 Mass. 226.

The constitutionality of the statute was upheld in *Smith* v. *Mayor & Aldermen of Worcester,* 182 Mass. 232, 234. It was said by DeCourcy, J., in *Parsons* v. *Worcester,* 234 Mass. 108, at 112: "The city of Worcester is not subject to the general laws relating to sewers. It lays, maintains and assesses for them under a special act, St. 1867, c. 106."

The statement of the action of the city in laying out or determining to construct a sewer is required by G. L. c. 83, § 27, as amended by St. 1921, c. 486, § 20, to be recorded only when "assessments may be made or charges imposed under this chapter. . . ." This language does not indicate a legislative intent to repeal the provisions of the prior special act. A statute is not to be deemed to repeal or supersede a prior statute in whole or in part in the absence of express words to that effect or of clear implication. *Inspector of Buildings of Falmouth* v. *General Outdoor Advertising Co. Inc. supra.*

As the assessment was properly laid under St. 1867, c. 106 and was an encumbrance on the plaintiff's land, judgment was rightly ordered to be entered against the defendant Siegal. *Carr* v. *Dooley,* 119 Mass. 294. *Hester* v. *Collector of Taxes of Brockton,* 217 Mass. 422.

*Judgment affirmed.*