COMMONWEALTH *vs*. BERTRAM GORDON.

Suffolk.    October 7, 1968. — November 29, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Hawkers and Pedlers. Constitutional Law,* Equal protection of laws, Due process of law, Who may question constitutionality, Hawkers and pedlers. *License. Words,* "May."

Evidence in a criminal case that at the curbstone of a principal thoroughfare having sidewalks and shops on both sides in a large city the defendant made two sales from a stock of peanuts, ice cream, and popcorn warranted a finding that he was within the definition of a hawker and pedler in G. L. c. 101, § 13. [724]

The provisions of G. L. c. 101, § 22, as amended through St. 1967, c. 274, that the director of standards and necessaries of life in the department of labor and industries may grant a license to any hawker and pedler on an application bearing a certificate signed by the chief of police of the applicant's city or town and stating that to the best of the chief's knowledge and belief the applicant "is of good repute as to morals and integrity," were not void on their face as applied to a hawker and pedler who had no license and never applied for or was refused one, and he had no standing to challenge the constitutionality of the statute on the ground of the absence therefrom of express provisions for hearings by the chief of police and the director. [725–726, 727]

In a criminal proceeding against a hawker and pedler for selling peanuts, ice cream, and popcorn without a license as required by G. L. c. 101, the defendant had no standing to challenge the licensing requirements of c. 101, as applied to him, as discriminatory and unconstitutional by reason of the exemptions from such requirements in §§ 15, 16, and 17 relating to dissimilar classes of commodities. [726–727]

COMPLAINT received and sworn to in the Municipal Court of the City of Boston on November 3, 1967.

Upon appeal to the Superior Court the case was tried before *Snow*, J., a District Court judge sitting under statutory authority.

*Reuben Goodman* for the defendant.

*Manuel V. McKenney*, Assistant District Attorney, for the Commonwealth.

*John G. S. Flym*, for the Civil Liberties Union of Massachusetts, amicus curiae, submitted a brief.

WILKINS, C.J. The complaint in the Municipal Court of the City of Boston charged that on November 2, 1967, the defendant "was a hawker and peddler and as such did expose for sale certain goods, wares and merchandise, to wit: peanuts, ice cream, and popcorn, the said Gordon not having any license, appointment, or authority according to law so to do." G. L. c. 101, § 14.[1] At the trial on appeal in the Superior Court the defendant filed a motion to dismiss on the ground that G. L. c. 101, § 14, "pursuant to which the present complaint is purportedly brought, is unconstitutional as applied to this case and would, if given effect, be

---

[1] "A hawker or pedler who sells or barters or carries for sale or barter or exposes therefor any goods, wares or merchandise, except as permitted by this chapter, shall forfeit not more than two hundred dollars . . .."

an unreasonable and arbitrary discrimination against the defendant and would deprive him of the equal protection of the laws and deprive him of his liberty and property without due process of law contrary to" the Fourteenth Amendment to the Constitution of the United States and to arts. 1, 6, 7, 10, 11, and 12 of the Declaration of Rights of the Constitution of the Commonwealth. The motion was denied and the defendant excepted.

The only witness at the trial was one Lownie, called by the Commonwealth, an employee of the city of Boston Department of Weights and Measures. On November 2, 1967, "he noticed the defendant at the curbstone on Charles Street and observed him make two sales." He was selling the items named in the complaint. The witness asked the defendant if he had a license, and he replied that he did not and did not intend to get one. At the close of the evidence, the defendant's motion for a directed verdict was denied, subject to his exception.

The first question is whether on the evidence the defendant could have been found to be a "person," as defined in G. L. c. 101, § 13,[1] "who goes from town to town or from place to place in the same town selling or bartering, or carrying for sale or barter or exposing therefor, any goods, wares or merchandise . . .." We are of opinion that he could have been so found. It is common knowledge in the area where the trial was held that Charles Street is one of the principal thoroughfares of Boston. With shops on both sides, it is often crowded with buses, trucks, and automobiles, and there usually are numerous pedestrians on the sidewalks. Two sales made at the curbstone of this street from a stock of three commodities were ample to warrant the finding that the defendant was an itinerant seller. *Commonwealth* v. *Ober*, 12 Cush. 493, 495. *Commonwealth* v. *Hana,*

---

[1] "Except as hereinafter expressly provided, the terms 'hawker' and 'pedler' as used in this chapter shall mean and include any person, either principal or agent, who goes from town to town or from place to place in the same town selling or bartering, or carrying for sale or barter or exposing therefor, any goods, wares or merchandise, either on foot, on or from any animal or vehicle."

195 Mass. 262, 265. *Hall-Omar Baking Co.* v. *Commissioner of Labor & Indus.* 344 Mass. 695, 701–702.

Notwithstanding the specific reference solely to § 14 in the motion to dismiss, the principal argument on behalf of the defendant is that G. L. c. 101, § 22 (as amended through St. 1967, c. 274),[1] which sets out the requirements for a license, is unconstitutional because (1) it does not provide for an adequate hearing, and (2) §§ 15 (as amended through St. 1955, c. 757, § 11), 16, and 17 contain arbitrary and unreasonable distinctions which invalidate the whole licensing scheme.

The defendant never applied for a license, was never denied a hearing, and in no way was ever refused a license. "Only one whose rights are impaired by a statute can raise the question of its constitutionality, and he can object to the statute only as applied to him." *Massachusetts Commn. Against Discrimination* v. *Colangelo,* 344 Mass. 387, 390. See *United States* v. *Raines,* 362 U. S. 17, 21, and cases cited. But in a prosecution for violation of a licensing statute which is unconstitutional on its face, the issue of its validity is presented even in the absence of an application for a license. *Smith* v. *Cahoon,* 283 U. S. 553, 562.

There are cases in this jurisdiction where a statute has been declared void on its face. See, for example, *Commonwealth* v. *Carpenter,* 325 Mass. 519, 521, and *Alegata* v. *Commonwealth,* 353 Mass. 287, 301, in each of which the ground was vagueness.

The statute before us, however, is not void on its face. There is no unconstitutionality in the absence of an express

---

[1] "The director [of standards and necessaries of life in the department of labor and industries] may grant a license to go about carrying for sale or barter, exposing therefor and selling or bartering any goods, wares or merchandise, the sale of which is not prohibited by section sixteen, to any person . . . who files with the director a completely executed application to be furnished by the director and on which shall be a certificate which shall be signed by the chief of police of the city or town in which the applicant resides and which shall state that to the best of his knowledge and belief the applicant . . . is of good repute as to morals and integrity. . . . The licensee may go about carrying for sale or barter, exposing therefor and selling or bartering in any town mentioned in his license any meats, butter, cheese, fish, fruits, vegetables or other goods, wares or merchandise, not prohibited in section sixteen, upon payment to the director of the following fees . . . ."

provision for a hearing before the chief of police with respect to the certificate of good repute for morals and integrity called for under G. L. c. 101, § 22. In *Commonwealth* v. *Hana*, 195 Mass. 262, concerning a predecessor of § 22, it was said, at page 265, "The requirement of R. L. c. 65, § 19, that before receiving a license the applicant shall file a certificate from the mayor of a city or the majority of the selectmen of a town that to the best of his or their knowledge and belief he is of good repute for morals and integrity, is a reasonable regulation for the protection of the public." Prescribing a hearing would be "cumbersome and impractical." See *Moore* v. *Civil Serv. Commn.* 333 Mass. 430, 435. For a failure to act by the chief of police mandamus would lie. G. L. c. 249, § 5. *Waldron* v. *Lee*, 5 Pick. 323, 327. *Nichols* v. *Dacey*, 329 Mass. 598, 600. In an appropriate case certiorari would be available. *Swan* v. *Superior Court*, 222 Mass. 542, 544. *Howe* v. *Attorney Gen.* 325 Mass. 268, 270. *MacKenzie* v. *School Comm. of Ipswich*, 342 Mass. 612, 614. In a case such as the present where the Commonwealth has a strong interest in regulating an occupation in order to protect the public and where that occupation is not one in which the individual affected has a substantial vested interest, the licensing procedure is wholly discretionary, and there is no constitutional right to a hearing. *Clarke* v. *Board of Collegiate Authy.* 327 Mass. 279, 283–285. See Van Alstyne, The Demise of the Right-Privilege Distinction in Constitutional Law, 81 Harv. L. Rev. 1439, 1462–1464.

There is no requirement that a license for hawking and peddling must be granted. Section 22 provides that "The director may grant a license" for such a purpose. The word "may" in a statute commonly imports discretion. *Turnpike Amusement Park, Inc.* v. *Licensing Commn. of Cambridge*, 343 Mass. 435, 437.

The statute is not unconstitutional on the ground that the defendant is the victim of discrimination by reason of any exception created by §§ 15, 16, or 17. The defendant points to no excepted commodity which so closely resembles

peanuts, ice cream, or popcorn as to render their inclusion irrational. See *Hall-Omar Baking Co.* v. *Commissioner of Labor & Indus.* 344 Mass. 695, 707, 709. This argument is a shotgun approach based without distinction on all the exceptions in those sections. But as we have already seen, he can complain only in so far as the statute applies to him.

We do not have to decide whether the director must allow a hearing. Since no application for a license was made, this statute would not be void on its face in any event. If there is a constitutional right to a hearing, such procedure is provided in G. L. c. 30A, §§ 1, 10. *Milligan* v. *Board of Registration in Pharmacy,* 348 Mass. 491, 494–495.

There was no error in the denial of the motion to dismiss or the motion for a directed verdict.

*Exceptions overruled.*