COMMONWEALTH *vs.* ROBERT W. HAYES & others.[1]

Suffolk.    December 8, 1976. — May 5, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Firearms. Practice, Criminal,* Sentence. *Error, Writ of. Parole. Statute,* Repeal, Construction.

The provisions of G. L. c. 279, § 31, which authorized the sentencing of certain convicted defendants to the Massachusetts Correctional Institution, Concord, were not impliedly repealed by G. L. c. 269, § 10 (*d*), and there was no error in sentencing a defendant convicted of the unlawful carrying of a firearm as a third offense to a term in Concord. [509-512]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on July 30, 1976.

The case was reserved and reported by *Kaplan, J.*

*John A. Kiernan,* Assistant District Attorney (*Daniel Engelstein,* Assistant District Attorney, with him) for the Commonwealth.

*Catherine A. White,* Assistant Attorney General, for the Superior Court & another.

---

[1] The Superior Court, and the Department of Correction.

*Robert S. Potters* for Robert W. Hayes.

*Michael Magruder* for the Massachusetts Parole Board, amicus curiae, submitted a brief.

QUIRICO, J.    The defendant Hayes was convicted of the unlawful carrying of a firearm as a third offense under G. L. c. 269, § 10 (*d*), a provision of the gun control law,[2] set out in the margin. See *Commonwealth v. Jackson,* 369 Mass. 904 (1976). The validity of this conviction is not questioned. The statute calls for punishment of a third violation by "imprisonment in the state prison for not less than seven years nor more than ten years." A judge of the Superior Court imposed a seven-year sentence under G. L. c. 279, § 31, to the Massachusetts Correctional Institution, Concord (Concord).

The Commonwealth then filed a petition in this court for Suffolk County challenging the legality of this sentence and seeking the imposition of a sentence to the State prison, Massachusetts Correctional Institution, Walpole (Walpole), rather than Concord. After the various defendants filed motions to dismiss and answers, a single justice reserved and reported the case without decision to the full court.

The principal question is whether G. L. c. 279, § 31, which authorizes the sentencing of certain convicted defendants to indefinite terms to Concord, was impliedly repealed by St. 1974, c. 649, § 2, the 1974 amendment to the gun control law. We hold that there was no implied

_____

[2] General Laws c. 269, § 10 (*d*), as appearing in St. 1974, c. 649, § 2, provides that: "Whoever, after having been convicted of any of the offenses set forth in paragraph (*a*), (*b*) or (*c*) commits a like offense or any other of the said offenses, shall be punished by imprisonment in the state prison for not less than five years nor more than seven years; for a third such offense, by imprisonment in the state prison for not less than seven years nor more than ten years; and for a fourth such offense, by imprisonment in the state prison for not less than ten years nor more than fifteen years. The sentence imposed upon a person, who after a conviction of an offense under paragraph (*a*), (*b*) or (*c*) commits the same or a like offense, shall not be suspended, nor shall any person so sentenced be eligible for probation or receive any deduction from his sentence for good conduct."

repeal, and that under the applicable statutes the trial judge had the right, in his discretion, to sentence the defendant Hayes to Concord.

1. While questions were initially raised about the jurisdiction of this court to review an allegedly illegal sentence at the Commonwealth's request, those questions have been abandoned by the defendants. The argument has now shifted to the proper method of obtaining such review.

The Commonwealth originally filed a petition for relief in the nature of certiorari under G. L. c. 249, § 4, which prayed in the alternative for the exercise of our supervisory powers under G. L. c. 211, § 3. The petition was later amended to include prayers for relief in the nature of mandamus under G. L. c. 249, § 5, or to treat the petition as an appeal under G. L. c. 278, § 28E. When the defendants argued that a writ of error under G. L. c. 250, §§ 9-12, was the proper method of seeking review, the Commonwealth, by footnote in its brief, asked that, if necessary, its petition be treated as a writ of error. All parties now appear to agree that judicial review of an allegedly illegal sentence is appropriate in this case, and they further concur that a writ of error by the Commonwealth is appropriate.

The convoluted arguments in this case regarding the extraordinary writs and other avenues of review suggest the wisdom of Professor Davis's acerbic remark: "An imaginary system cunningly planned for the evil purpose of thwarting justice and maximizing fruitless litigation would copy the major features of the extraordinary remedies." 3 K.C. Davis, Administrative Law § 24.01, at 388 (1958). Rather than review the complex history of, and distinctions between, certiorari and mandamus,[3] or consider the innovation of an appeal under G. L. c. 278, § 28E, after sentence, we prefer to address "[t]he substantive legal arguments underlying the petition [which] are the same whether the writ be considered one in certiorari, mandamus or invocation of supervisory powers." *Lataille*

---

[3] See *Reading* v. *Attorney Gen.,* 362 Mass. 266, 268-271 (1972).

v. *District Court of E. Hampden,* 366 Mass. 525, 527 n.2 (1974).

While *Commonwealth* v. *Cummings,* 3 Cush. 212 (1849), has been thought to preclude the Commonwealth from seeking a writ of error, see K.B. Smith, Criminal Practice and Procedure § 1234 (1970), it should be noted that in that case Chief Justice Shaw addressed only the question whether, the Commonwealth could, by writ of error, seek to "reverse a judgment, by which a party criminally prosecuted has been acquitted." *Commonwealth* v. *Cummings, supra* at 213. Where there has been a conviction, the considerations are quite different,[4] and a writ of error might well be appropriate.

In view of our disposition of this case on the merits, it is unnecessary fully to resolve these questions at this time.

2. This case ultimately involves a matter of parole eligibility. General Laws c. 269, § 10 (*d*), provides for "imprisonment in the state prison for not less than seven years nor more than ten years" for a third offense of unlawful carrying of a firearm. General Laws c. 125, § 1, as appearing in St. 1972, c. 777, § 8, provides that "[a]s used in this chapter and elsewhere in the general laws, unless the context otherwise requires, the following words shall have the following meanings: ... (*o*) 'state prison', Massachusetts Correctional Institution, Walpole." Under G. L. c. 269, § 10 (*d*), longer sentences are to be imposed for each incremental successive offense. If Hayes had been given a "state prison sentence" he would be eligible for parole on serving one-third of his minimum sentence under the statutory parole provisions of G. L. c. 127, § 133, cl. (*b*). One-third of his seven year sentence would amount

---

[4] While the defendant Hayes pleaded the defense of double jeopardy to the Commonwealth's petition for an increase of a sentence after service of the sentence has commenced, this claim has been neither briefed nor argued by the defendants. It is hence unnecessary to resolve this question at the present time. Compare *United States* v. *Benz,* 282 U.S. 304 (1931), with *Bozza* v. *United States,* 330 U.S. 160 (1947). See the Federal cases under Fed. R. Crim. P. 35, some of which are collected in 2 C.A. Wright, Federal Practice and Procedure § 582 (1969). 8A Moore's Federal Practice par. 35.03 (2d ed. 1976).

to two years four months. The Commonwealth contends that the trial judge was required to sentence Hayes to Walpole subject to parole after two years four months because c. 269, § 10 (*d*), implicitly requires that the statutory parole provisions apply. This argument, of course, is somewhat circular; the ultimate question to be decided is the applicability of the statutory parole provisions.

The trial judge sentenced Hayes to Concord under the authority of G. L. c. 279, § 31. This statute, as appearing in St. 1955, c. 770, § 99, provides in part that "[a] male not previously sentenced for felony more than three times, convicted of a crime punishable by imprisonment in any correctional institution of the commonwealth or by imprisonment in a jail or house of correction may be sentenced for an indefinite term." It is undisputed that the defendant would otherwise be eligible to be sentenced under this statute, if the statute applies to this case. An indefinite sentence under G. L. c. 279, § 31, to Concord, does not involve the statutory parole standards of G. L. c. 127, § 97. Eligibility for parole appears rather to be determined by guidelines established by the parole board. See G. L. c. 127, § 128. Massachusetts Parole Board and Advisory Board of Pardons, Structure, Rules and Statutes, at 11-12 (1972). In this case, the Commonwealth argues that if the sentence to Concord is upheld, Hayes will be eligible for parole after serving one year there, rather than after two years and four months had he been sentenced to Walpole.

There is nothing in the gun law which expressly prohibits sentencing under G. L. c. 279, § 31. Yet in G. L. c. 279, § 28, for example, the Legislature expressly included such a prohibition.[5] If the Legislature sought to prevent

---

[5] General Laws c. 279, § 28, as amended through St. 1955, c. 770, § 98, provides as follows: "If a convict serving a sentence of imprisonment in the Massachusetts Correctional Institution, Concord, is convicted of a crime punishable by imprisonment in the state prison or house of correction, the court may impose sentence of imprisonment therein and may order it to take effect forthwith, notwithstanding the former sentence. No sentence of imprisonment shall be imposed under this section in the Massachusetts Correctional Institution, Concord, *notwithstanding the provisions of section thirty-one*" (emphasis added).

the applicability of G. L. c. 279, § 31, it could easily have added an identical provision to G. L. c. 269, § 10 (*d*).

In the absence of an explicit directive that G. L. c. 279, § 31, does not apply to the gun law, the Commonwealth urges a theory of implied repeal or inapplicability of G. L. c. 279, § 31, to a gun law violation. The premise of this approach is that a sentence to Concord under G. L. c. 279, § 31, is claimed to be based on a policy of early parole eligibility and rehabilitation. See McGrath, Criminal Law, Procedure, and Administration, 1955 Ann. Survey Mass. Law § 12.2, at 121-124. Cf. *Platt* v. *Commonwealth,* 256 Mass. 539, 543 (1926). A sentence to Walpole under G. L. c. 269, § 10 (*d*), on the other hand, is said to be based on radically different suppositions of parole ineligibility and deterrence. See *Commonwealth* v. *Jackson,* 369 Mass. 904, 910-916 (1976). It is doubtful whether these policy differences are as absolute as is suggested; the various rationales of punishment may well be inextricably interrelated. See H.L. Packer, The Limits of the Criminal Sanction 35-61 (1968). But, in any event, it is also possible that this seeming conflict in statutory policies, an elaborate edifice constructed by the Commonwealth, can be reconciled.

It cannot be denied that a Concord sentence appears somewhat anomalous, because G. L. c. 269, § 10 (*d*), seems to contemplate escalating punishments for repeat offenders. Yet the possibility of parole — the consequence of a Concord sentence — does not necessarily conflict with that policy. The mischief which the Legislature sought to remedy by St. 1974, c. 649, § 2, was discretionary punishment. See *Commonwealth* v. *Jackson, supra.* The objective of mandatory minimum sentencing is served as well by incarceration at Concord as at Walpole. The defendant Hayes is subject, at the very least, to twelve months' imprisonment at Concord; the statutory policy of certainty of imprisonment is accomplished in either event. There is no corresponding indication that the Legislature considered as determinative either the institution to which the defendant was sentenced or escalating standards of parole

eligibility. It is thus far from clear that Concord sentences are incompatible with the gun law as matter of policy.

Indeed, an alternative interpretation may be argued with equal force. General Laws c. 274, § 1, provides that "[a] crime punishable by death or imprisonment in the state prison is a felony. All other crimes are misdemeanors." Thus the language of the gun law requiring a sentence to "state prison" may well indicate the Legislature's use of the statutory shorthand for a felony, rather than an intent to preclude a Concord sentence. See Spalding, The Legislative History of a "State Prison" Sentence as a Test of "Felony" and "Infamous Punishment," and the Practical Results in Massachusetts, 7 Mass. L.Q. (No. 2) 91 (1922).

Sentences to Concord are not expressly authorized as appropriate for particular crimes, but rather they are generally permitted by G. L. c. 279, § 31. It is only the rare case, i.e., G. L. c. 279, § 28, where such sentences are prohibited. The argument advanced by the Commonwealth would permit the doctrine of implied repeal of G. L. c. 279, § 31, to be invoked without limit. How are we to distinguish the cases where implied repeal is consonant with legislative intent from those where it is repugnant? In the absence of express statutory directive, it seems prudent to avoid a doctrine of implied repeal which might ultimately deprive G. L. c. 279, § 31, of vitality.

For these reasons we apply the long standing rule of statutory interpretation stated as follows in *Commonwealth* v. *Bloomberg*, 302 Mass. 349, 352 (1939): "As there is no express repeal, it is contended that there is a repeal by implication. Such repeals have never been favored by our law. Unless the prior statute is so repugnant to and inconsistent with the later enactment that both cannot stand, then the former is not deemed to have been repealed. *Commonwealth* v. *Flannelly,* 15 Gray 195 [1860]. *Eaton, Crane & Pike Co.* v. *Commonwealth,* 237 Mass. 523, 530 [1921]. *Cohen* v. *Price,* 273 Mass. 303, 309 [1930]. *Burick* v. *Boston Elevated Railway,* 293 Mass. 431 [1936]."

In *Colt* v. *Fradkin*, 361 Mass. 447, 449-450 (1972), quoting from *Cohen* v. *Price*, 273 Mass. 303, 309 (1930), we said that "[a] statute is not to be deemed to repeal or supersede a prior statute in whole or in part in the absence of express words to that effect or of clear implication." See *Haffner* v. *Director of Pub. Safety of Lawrence*, 329 Mass. 709, 713-714 (1953), and cases cited.

One commentator has said that "[i]t is by no means clear that, as between two successive acts whose literal interpretations clash, the earlier must yield to the latter. Indeed, the later statute is often intended to defer to the earlier." R. Dickerson, The Interpretation and Application of Statutes 250 (1975).

The rationale for this rule against implied repeals is discussed in 1A C. Sands, Sutherland Statutory Construction § 23.10 (4th ed. 1972): "Where the repealing effect of a statute is doubtful, the statute is strictly construed to effectuate its *consistent* operation with previous legislation" (emphasis in original).

In this case, rather than speculate about legislative intent impliedly to repeal a statute, we prefer to give meaning to both enactments. Such an approach is far less susceptible to mistaken interpretation. If the Legislature seeks to limit the applicability of G. L. c. 279, § 31, to sentencing under G. L. c. 269, § 10 (*d*), such limitation should be expressly enacted.

The fair meaning of G. L. c. 269, § 10 (*d*), cannot be read to exclude the applicability of G. L. c. 279, § 31. We therefore uphold the validity of the sentence to Concord.

For these reasons the petition is dismissed as to the Department of Correction,[6] and denied as to all other parties.

*So ordered.*

---

[6] Since no errors were alleged to have been committed by the Department of Correction, and, indeed, since no relief was asked against the department, the motion to dismiss by the defendant department is granted.