AMERICAN SIGN AND INDICATOR CORP. *vs.* TOWN OF FRAMINGHAM & another.[1]

Middlesex. November 15, 1979. — January 22, 1980.

Present: BROWN, GREANEY, & DREBEN, JJ.

*Municipal Corporations*, By-laws and ordinances. *Zoning*, Sign. *Sign. Framingham.*

A town is not required to comply with the requirements of the Zoning Enabling Act, G. L. c. 40A, in adopting a by-law to regulate signs pursuant to G. L. c. 93 and c. 43B. [68-70]

This court did not consider whether a municipal by-law regulating signs contained sufficient standards to guide the sign officer and the sign review board where the question had not been reached in the trial court and where the record on this issue was incomplete. [70-71]

A plaintiff, who constructed and operated a changing message sign for a hotel, lacked standing to argue that a municipal by-law regulating signs was invalid on the ground that "there is no right to a hearing" before the sign review board in connection with a request for affirmation of a permit for a changing message sign. [71]

-----

[1] The sign officer and building inspector of the town.

CIVIL ACTION commenced in the Superior Court on February 18, 1977.

The case was heard by *Mitchell*, J., on a motion for summary judgment.

The case was submitted on briefs.

*Aaron K. Bikofsky*, Town Counsel, for the defendants.

*Michael J. Portnoy* for the plaintiff.

DREBEN, J. This appeal raises the question whether the town of Framingham can regulate signs under a town by-law adopted pursuant to G. L. c. 93 and c. 43B which does not comply with the provisions of the Zoning Enabling Act, G. L. c. 40A. We hold that it can.

The plaintiff, American Sign and Indicator Corp., constructed and operated a changing message sign for the Sheraton Tara Hotel in Framingham. On September 13, 1976, the plaintiff was directed by a letter from the sign officer of the town to reduce the frequency of its message changes on the Sheraton Tara sign to not less than thirty seconds. The plaintiff failed to do so, and, by letter of October 19, 1976, the management of the hotel was informed that the sign violated the Framingham sign by-law. The hotel was ordered to cease and desist operation of the sign within thirty days and was advised of its right to appeal the order to the Framingham sign review board. The order was never appealed.

Instead, the plaintiff brought an action seeking a declaration that the portion of the Framingham sign by-law which affects changing message signs is null and void. The sign by-law, which became effective on March 18, 1976, provides in art. 4.2 that a sign may be erected only after a permit has been issued by the sign officer, and in art. 5.1, set forth in the margin,[2] that signs with automatically changing messages require, in addition to a permit, written approval of the sign review board.

---

[2] Section 5.1 provides: "Movement: No sign shall contain any moving, flashing or animated lights, or visible moving or moveable parts, except such portions of a sign as consist solely of indicators of time and/or temperature, or automatically changing message, provided that a sign with an automatically changing message, shall be permitted only if the Sign Review Board shall affirm in writing any permit issued by the sign officer."

The plaintiff's primary argument is that because signs are included within the term "structures" under G. L. c. 143, § 1, and § 3.1 of the town sign by-law, they are subject to G. L. c. 40A, which preempts the manner in which a municipality may exercise its zoning power. It claims that the delegation of the right to grant permits to the sign officer and the sign review board is contrary to the Zoning Enabling Act, c. 40A, § 4, as in effect prior to St. 1975, c. 808, § 3,[3] and that permit granting authority can only be exercised by the board of appeals or selectmen of the town.[4]

The trial court, on the plaintiff's motion for summary judgment, agreed with the plaintiff's contention and held that the by-law was invalid insofar as it was inconsistent with c. 40A, § 4. We disagree. The trial court did not have the benefit of *Lovequist* v. *Conservation Commn. of Dennis,* 379 Mass. 7 (1979), the principles of which, in our opinion, govern the case at bar. In that case the Supreme Judicial Court held that not all ordinances or by-laws which regulate land use are zoning laws and that only the latter need conform with the Zoning Enabling Act.

The constitutional, legislative and judicial background of sign regulation in Massachusetts indicates that ordinances and by-laws which regulate signs are not necessarily zoning laws. The authority to regulate signs was given to the General Court by art. 50 of the Amendments to the Massachu-

---

[3] Since at the time of the filing of the plaintiff's action and the hearing on its motion for summary judgment, the provisions of G. L. c. 40A, as appearing in St. 1975, c. 808, § 3, had not been accepted by the town, c. 40A as amended through St. 1974, c. 78, is the applicable statute. *Shalbey* v. *Board of Appeal of Norwood,* 6 Mass. App. Ct. 521, 524 (1978). The plaintiff in its brief states that the town subsequently accepted c. 808 of St. 1975, and urges that we not ignore the effect of the latter statute, particularly § 2A thereof, which specifically lists signs as an included subject of regulation. Since we hold that signs need not be regulated exclusively through zoning by-laws and that the Framingham sign by-law need not conform with the Zoning Enabling Act, it does not matter, for purposes of this opinion, that a new act governs the zoning ordinances of the town.

[4] The plaintiff also claims that it is entitled to other protections of the Zoning Enabling Act, including the right to a public hearing.

setts Constitution;[5] the first statute[6] enacted pursuant to art. 50, and subsequent acts[7] permit cities and towns to regulate and restrict signs in a manner not inconsistent with the provisions of what is now G. L. c. 93. Indeed, it was originally thought that towns could only regulate signs by separate by-laws and not through zoning laws, and only after a series of cases was it established that a town could exercise the power authorized by G. L. c. 93, § 29, through a provision in a zoning by-law as well 'as through a wholly separate by-law. See discussion of *Inspector of Bldgs. of Falmouth* v. *General Outdoor Advertising Co.*, 264 Mass. 85, 88-89 (1928), and other cases, in *John Donnelly & Sons* v. *Outdoor Advertising Bd.*, 361 Mass. 746, 754 (1972). To require that G. L. c. 40A be the exclusive method for adopting ordinances regulating signs would ignore this history and would nullify the explicit declaration of art. 2 of the Framingham by-law that it was adopted pursuant to G. L. c. 93 and c. 43B.

Moreover, the sign by-law "manifests neither the purpose nor the effects of a zoning regulation" and does not involve most of the typical concerns reflected in zoning laws. *Lovequist* v. *Conservation Commn. of Dennis, supra* at 13. There is no evidence that there is or ever has been a comprehensive zoning by-law covering signs in Framingham, and the case at bar is, therefore, distinguishable from *Rayco Inv. Corp.* v. *Selectmen of Raynham*, 368 Mass. 385 (1975), relied on by the plaintiff.

While signs may be regulated by means of zoning by-laws, the Zoning Enabling Act is not the sole authority for permitting regulation by the town. Signs may also be regu-

---

[5] Approved November 5, 1918.

[6] St. 1920, c. 545, § 3.

[7] Statute 1920, c. 545, § 3, was inserted on December 22, 1920, as part of the 1921 compilation of the General Laws, G. L. c. 93, § 29. Statute 1924, c. 327, and St. 1955, c. 584, § 4, made minor changes in the provision giving authority to cities and towns to regulate signs. Other parts of G. L. c. 93, § 29, were last amended by St. 1958, c. 143.

lated by ordinances or by-laws adopted under the Home Rule Amendment[8] or pursuant to G. L. c. 93, § 29. Based on the reasoning of *Lovequist* v. *Conservation Commn. of Dennis, supra,* we hold that the Framingham sign by-law, which was not adopted as a zoning by-law, need not comply with the prescriptions set forth in G. L. c. 40A.[9] "[M]unicipal regulations that simply overlap with what may be the province of a local zoning authority" need not "be treated as zoning enactments which must be promulgated in accordance with the requirements of G. L. c. 40A." *Lovequist, supra* at 14.

The plaintiff also argues here, as it did in the trial court, that the by-law contains no standards to guide the sign officer and the sign review board. The trial court did not reach this question, as it ruled the by-law invalid for failure to comply with G. L. c. 40A. We do not think it appropriate, on the record in this case, for us to reach this question. In a memorandum remanding the matter to the sign review board, the trial judge stated, "It is intended that upon remand, the [s]ign [r]eview [b]oard will promulgate rulings defining the relevant terms of the by-law prior to rendering its decision on the merits."[10] Pursuant to the remand, the

---

[8] Art. 2, § 6, of the Amendments to the Constitution of the Commonwealth, as appearing in art. 89 of the Amendments, approved November 8, 1966.

[9] We note, moreover, that not all the rights afforded to other structures by G. L. c. 40A are necessarily applicable to signs even where regulated through zoning ordinances. Thus, in *Donnelly, supra* at 756-757, an existing billboard was not given the protection of c. 40A, § 5, as amended through St. 1969, c. 572, as a preexisting nonconforming use. The same result applies under the last sentence of paragraph 1 of c. 40A, § 6, as appearing in St. 1975, c. 808, § 3.

[10] The remand was for a determination by the sign review board whether the plaintiff's sign was "flashing or animated" within the meaning of the by-law. At the time of remand (but see note 12, *infra*), the judge was of the opinion that this determination was necessary to determine the severability of certain portions of art. 5 of the by-law in light of art. 9, which provides for severability in the case of the invalidity of any section of the by-law. In the view that we take of the by-law, we do not reach any question of severability.

sign review board promulgated definitions of the terms used in the Framingham sign by-law and filed them in the trial court. These definitions were not made part of the record appendix and although we could obtain them (*Ainslie* v. *Ainslie*, 6 Mass. App. Ct. 692, 695 n.3 [1978]), we choose not to do so. The parties have not argued the applicability or meaning of the definitions in either the trial court or in this court. In these circumstances, and because some evidence may be appropriate with respect to the definitions, we think that a declaration as to whether the by-law contains sufficient standards should be denied as a matter of discretion. See *Selectmen of Truro* v. *Outdoor Advertising Bd.*, 346 Mass. 754, 760 (1964).[11]

We do not discuss the plaintiff's additional argument that the by-law is invalid on the ground that there is no right to a hearing before the sign review board in connection with a petition for affirmation of a permit for a changing message sign. The Sheraton Tara was given a right to appeal the sign officer's decision to the sign review board and declined this opportunity. The plaintiff has no standing to argue that others may not have a right to a hearing. *Commonwealth* v. *Gordon*, 354 Mass. 722, 725, 727 (1968). *United States* v. *Raines*, 362 U.S. 17, 21-22 (1960).

---

[11] We note, contrary to the plaintiff's contentions, that the by-law does contain some guidelines. It states that its purpose is "to protect and enhance the visual environment of this Town and the safety, convenience and welfare of its residents" (art. 1); it "is to be so construed as to secure the beneficial interests and purposes thereof" (art. 2); and refers to "driving hazard" (art. 5.3). While we choose not to decide whether these guidelines are in themselves sufficient, we point out that, in not very different situations, guidelines with not much more particularity, if any, have withstood challenge. *General Outdoor Advertising Co.* v. *Department of Pub. Works*, 289 Mass. 149, 164-165, 192 (1935). *Sellors* v. *Concord*, 329 Mass. 259, 263-264 (1952). *Butler* v. *East Bridgewater*, 330 Mass. 33, 37 (1953). *MacGibbon* v. *Board of Appeals of Duxbury*, 356 Mass. 635, 638 (1970). *Turnpike Realty Co.* v. *Dedham*, 362 Mass. 221, 231-232 (1972), cert. denied, 409 U.S. 1108 (1973).

The judgment[12] is reversed, and the case is remanded to the Superior Court for such further proceedings, if any, as may be necessary, consistent with this opinion, and for the entry of a new judgment which shall include a declaration that art. 5 of the Framingham sign by-law need not comply with G. L. c. 40A.

*So ordered.*

---

[12] After the board's definitions were filed in the trial court, together with the board's opinion that the sign contained flashing lights, the plaintiff moved for a rehearing of its motion for summary judgment, arguing that the definitions were irrelevant for the purpose of determining severability.  The judge agreed, and entered a judgment in favor of the plaintiff which declared that "nothing in [a]rticle Five of the Framingham Sign By-law shall be construed . . . so as to regulate or prohibit the operation of the [p]laintiff's changing message sign."