Town of Millbury *vs.* Edward D. Galligon & another.[1]

Worcester.    December 9, 1976. — January 24, 1977.

Present: Hennessey, C.J., Quirico, Braucher, Kaplan, & Liacos, JJ.

*Billboard.    Zoning,* Billboard, Nonconforming use or structure.    *Words,*
    "Structure."

The Outdoor Advertising Board erred in renewing permits for two
    adjacent billboards in a suburban district after a town had amended
    its zoning by-law to exclude billboards from the district since a sec-
    tion of the zoning by-law pertaining to the continuance of noncon-
    forming uses of structures existing at the time of the enactment of
    the amendment did not apply to billboards. [738-740]

Bill in equity filed in the Superior Court on December
5, 1973.

The case was heard by *Travers,* J.

*Joseph J. Hurley* for Edward D. Galligon.

*Andrew C. J. Meagher,* Town Counsel, for the town of
Millbury.

*Ellen R. Weiss,* Assistant Attorney General, for the
Outdoor Advertising Board.

Kaplan, J.    The town of Millbury (town) sought judi-
cial review under the State Administrative Procedure Act,
G. L. c. 30A, § 14, of a decision of the Outdoor Advertising
Board (board)  (see G. L. c. 16, § 14; c. 93, §§ 29-33)
rendered on November 6, 1973, renewing for two one-year
periods beginning on July 1, 1972, the permits held by
Edward D. Galligon, doing business as Merit Advertising
Company (Merit), for the maintenance of two adjacent
billboards on Greenwood Street, Millbury. A judge of the
Superior Court, holding that the board's decision was
based on an error of law (see c. 30A, § 14 [8] [c]) set

[1] Outdoor Advertising Board

aside the board's decision and entered judgment revoking the permits and ordering Merit to remove the billboards. Merit appealed.[2] At this stage the board reconsidered its position, and in briefing and arguing the appeal it joined forces with the town and urged affirmance of the judgment. We affirm, but on a ground different from that taken by the judge of the Superior Court.

The permits in question were originally granted by the board in 1969. They cover commercial, off-premise, sixty by twenty foot billboards, visible from the Massachusetts Turnpike, and located in a district classified as "suburban" (a classification below "residential"). The town opposed the permits at the time. It later brought an equity suit to compel Merit to remove the billboards, but a judge of the Superior Court refused relief. The town's by-laws operative in 1969-1970 did not prohibit the use.

Effective on June 8, 1971, the town amended its by-laws. On a superficial view, the new provisions regarding billboards seem directed to overcoming the effect of the board's 1969 ruling supported by the judgment of the Superior Court, but just how far the provisions went remained to be decided.

At the hearing before the board on the renewal of the instant permits for the period after July 1, 1972, the town, opposing renewal, pointed to the new by-law sections as follows.[3] Section 34.14 stated, "No sign to which [G. L.

---

[2] After the appeal was lodged in the Appeals Court we brought it here under G. L. c. 211A, § 10 (A).

[3] Under the board's regulation 4 (g) (similar to former regulation 9K) prohibitory by-laws adopted by the town pursuant to G. L. c. 93, § 29 (last sentence), would be controlling. Regulation 4 (g) provides: "No permit shall be granted or renewed for the location or maintenance of a Sign within a city or town except where such location or maintenance is in conformity with applicable city and town ordinances and by-laws enacted in accordance with Section 29 of Chapter 93 of the General Laws; and no ordinance or by-law shall be deemed inconsistent with the rules and regulations of the Board on the ground that such ordinance or by-law prohibits the location or maintenance of a Sign which in the absence of said ordinance or by-law would be in conformity with the said rules and regulations."

c. 93, § 30] applies (generally speaking, billboards) shall be erected." There followed in § 34.21, under the title "Permitted Signs in Residential and Suburban Districts," detailed regulations permitting only quite modest signs, such as a sign not exceeding two square feet for a family residing on premises indicating the owner or occupant or pertaining to a permitted accessory use. Section 31, "Nonconforming Uses," stated, "The use of any structure or land lawfully existing at the time of the enactment . . . of this Bylaw may be continued although such structure or use does not conform to provisions of this Bylaw . . ." (subject to certain conditions and exceptions).

Merit was bound to admit that its billboards did not square with § 34.21, but it could argue that the existing use was saved by § 31 because the billboards might be regarded as "structures" within that section. In its decision of November 6, 1973, the board agreed with the latter proposition. The board went on to say, after a discussion of the "Avon" case, *John Donnelly & Sons* v. *Outdoor Advertising Bd.*, 361 Mass. 746 (1972), that whereas § 5 of The Zoning Enabling Act (G. L. c. 40A, § 5, as in effect prior to the new Act, St. 1975, c. 808, § 3), concerning protection of nonconforming "buildings or structures,"[4] did not extend to billboards — one of the points made in the "Avon" case, 361 Mass. at 755-758 — § 5 did not deprive a city or town of the power to afford such protection if it chose to do so. The judge of the Superior Court, in his decision here appealed from, disagreed with the board. He thought that by § 5 the State had excluded billboards from the protected category, with the effect of negating the power of a local

[4] General Laws c. 40A, § 5, as amended through St. 1969, c. 572: "Except as provided in section eleven, a zoning ordinance or by-law or any amendment thereof shall not apply to existing buildings or structures, nor to the existing use of any building or structure, or of land to the extent to which it is used at the time of adoption of the ordinance or by-law, but it shall apply to any change of use thereof and to any alteration of a building or structure to provide for its use for a purpose or in a manner substantially different from the use to which it was put before alteration, or for its use for the same purpose to a substantially greater extent."

governmental unit to preserve that use when it inaugurated a change of policy.

We need not and do not pass on this question of local power because we believe (as the board now agrees) that the pertinent provisions of the town's by-laws do not preserve but rather terminate the existing billboard use. Sections 34.14 and 34.21 represent a policy change definitely hostile to billboards in a "suburban" district, and we think the "structures" spoken of in § 31, the nonconforming use section, do not include billboards. This interpretation, springing from the text of § 31, is confirmed by the definition of "structure" in art. 5 of the by-laws when read in relation to "sign," also defined in that article. (The texts are set out in the margin.[5]) For further confirmation, we note that "structure" as appearing in an early zoning enabling act had been read, as far back as the "Falmouth" case, *Inspector of Bldgs. of Falmouth* v. *General Outdoor Advertising Co.*, 264 Mass. 85, 87-88 (1928), not to embrace billboards (an interpretation, as we have noted, also adopted in the "Avon" case with respect to a later statute[6]). Very naturally, then, a draftsman of § 31 of the by-laws would use "structure" with the same limitation.[7]

*Judgment affirmed.*

---

[5] The definitions read thus: "Structure — Anything constructed or erected, the use of which requires fixed location on the ground, or attachment to something located on the ground, including swimming pools having capacity of 4,000 gallons or more and mobile homes, but not including walls or fences."

"Sign — Any device designed to inform or attract the attention of persons not on the premises on which the device is located, including any building surfaces other than windows which are internally illuminated or decorated with gaseous tube or other lights."

[6] Note the comments in the "Avon" case on the fragility of the interests created by a billboard permit which runs for a stated term subject to renewal. 361 Mass. at 756.

[7] See the specific exclusion of billboards from the nonconforming use provision of St. 1975, c. 808, § 2A, par. 2 (revising The Zoning Enabling Act).