430

ACKERLEY COMMUNICATIONS
OF MASSACHUSETTS, INC.
v.
OUTDOOR ADVERTISING
BOARD

No. 2840 (Needham)
No. 13261 (Dedham)

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts

September 15, 1980

Counsel of Record
Lawrence Kenna, Plaintiff
Susan F. Brand, Attorney General,
Defendant

## MEMORANDUM OF DECISION

These are two "tag along" cases[1] presenting the same major constitutional and statutory issues earlier discussed and resolved in **Ackerley Communications of Massachusetts, Inc. v. Outdoor Advertising Board,** Superior Court Nos. 15009, 16736, 17129, 18138, 20343, and 98554. See note 1 of that decision. This decision thus incorporates the reasoning and rulings there set forth without further elaboration. Moreover, since the facts have been found by the Outdoor Advertising Board ("Board"), this decision discusses only the specific legal issues raised for judicial review in the two tag along cases which have not been already discussed in the earlier decision. **Albanese's case,** Mass. Adv. Sh. (1979) 1171, 1172 n.2.

### 1. The Needham Case—No. 2840.

This case involves three billboards erected under Permits Nos. 25908, 28056 and 28062. Although the record is somewhat unclear on this point, it appears that the billboard erected under Permit No. 28056 has been removed and therefore, as to it, this case has become moot.[2]

The billboards erected under Permits Nos. 25908 and 28062 are within the 660-foot zone bordering federal-aid highways (Route 128/Interstate Route 95) and are visible from the travelled

---

[1] See Rule 1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation as reprinted in the Manual for Complex and Multidistrict Litigation.

[2] If I am in error on this point as an evidentiary matter, the rulings set forth in footnote 3 below will apply to this billboard and will require its removal.

portion of the highway. As both these billboards were lawful when erected, they cannot be removed until provision has been made for the payment of just compensation. 23 U.S.C. sec. 131(g)(k) as amended by Pub. L. 95-599, Nov. 6, 1978, 92 Stat. 2700. The more detailed analysis of these provisions of the Federal Highway Beautification Act found in the memorandum of decision on the consolidated cases at pp. 29-39 is incorporated herein by reference. Accordingly, the decision of the Board in the Needham Case, No. 2840, is set aside, the Board's order for removal of the billboards erected under Permits Nos. 25908 and 28062 now being in excess of its authority.[3]

## 2. The Dedham Case—No. 13261.

The Federal Highway Beautification Act is not at issue in the Dedham case.[4] Indeed, six of the seven billboards presently in contention have been dismantled and the case was once reported moot to the court. Nevertheless, Ackerley having apparently reserved its rights to restore these billboards if legally proper, it is appropriate to finally determine judicially the issues briefed and argued by the parties.

As discussed above, I adhere to the conclusions I reached in the original Memorandum of Decision upon the First Amendment and Federal Highway Beautification Act issues.

The structure and plain words of the Dedham zoning by-law defeat Ackerley's first argument. While it is true that Section IV-3 of the by-law regulates only on-premise signs, Section II-1 could not be more plain in requiring that "No new . . . structure (it is conceded that in Dedham a billboard is considered a structure') shall be constructed or used . . . for any purpose or in any manner other than . . . specifically permitted herein." The relationship of the two sections seems beyond cavil. Each section must be read in the context of the by-law taken "as a whole . . . to the end that as far as possible, the (entire legislative program)

will constitute a consistent and harmonious whole." **Commonwealth v. Germano,** Mass. Adv. Sh. (1979) 2537, 2540, quoting from **Haines v. Town Manager of Mansfield,** 320 Mass. 140, 142 (1946). The silence with respect to off-premise billboards is thus understandable. They are completely

[3]Resolving the issue in this manner begs the question of whether the Board has any jurisdiction to act with respect to the two billboards in question inasmuch as they are on land owned by the Massachusetts Bay Transportation Authority. I conclude, however, that, if the result expressed in the text is erroneous, the Board did, in fact, have jurisdiction over these two billboards and, for the reasons expressed in the original memorandum of decision at pp. 1-17, Ackerley is precluded from re-litigating the jurisdictional issue in view of its failure to proceed with the appeal of **John Donnelly & Sons v. Outdoor Advertising Board,** Superior Court No. 21750, a case which raised this precise issue, among others, and which, summary judgment having been entered for the Board, concluded this issue in the present litigation. Likewise, Ackerley's argument that the Board could not consider the state of Needham's zoning by-law at the time of the hearing is rejected upon the same ground as expressed in the original memorandum of decision at p. 44. Ackerley's argument that the billboards ought be protected as non-conforming uses fares no better. Ackerley appears to disregard the "fragility of interests created by a billboard permit which runs for a stated term subject to renewal". **Millbury v. Galligon,** 371 Mass. 737, 740 n. 6. **John Donnelly & Sons v. Outdoor Advertising Board,** 361 Mass. 746, 756 (1972). When Needham amended its zoning by-laws in 1966 to prohibit off-premise signs, it conferred no non-conforming use status on signs such as the billboards in question here. In the absence of such a grant a non-conforming use protection, "the pertinent provisions of the town's by-laws do not preserve but rather terminate the existing billboard use". **Millbury, supra** at 740.

It follows that if this case is not moot as to the billboard originally erected under Permit No. 28056, the decision of the Board as to that permit will be affirmed and judgment will enter enforcing forthwith the Board's order for removal. Likewise, if the analysis in the text concerning the Federal Highway Beautification Act is erroneous, Ackerley's other arguments are without merit and the Board's decision ought be affirmed in its entirety.

[4]Although counsel for Ackerley's predecessor in title raised the issue and suggested he would proffer relevant evidence, the agency record is silent concerning what, if anything, was done to pursue the point.

prohibited. **Foster v. Mayor of Beverly,** 315 Mass. 567 (1944).

Ackerley next claims that at least the billboard holding Permit No. 16155 is entitled to non-conforming use protection. While it is conceded that this particular billboard originally qualified for non-conforming use protection upon the enactment of the Dedham zoning by-law, it is equally undisputed that subsequent to its enactment the Board, but not the Town of Dedham,[5] approved moving this particular sign 80 feet and raising it 9 feet. In the face of a by-law extremely hostile to non-conforming use, whether in whole **or in part, shall be moved, enlarged, reconstructed, replaced,** or substantially altered" (emphasis supplied)—the Board was well within its authority in concluding, without further subsidiary findings, that the billboard under Permit No. 16155 had lost its non-conforming use protection when this change was made.

Finally, Ackerley claims that it is the victim of selective prosecution in Dedham and, as a result, is entitled to have the order of the Board set aside or, at minimum, is entitled to a further hearing to more fully explore the issue of selective prosecution. The Board counters with two arguments.

First, it points out that there is nothing selective at all about its proceedings. The Board is correct. No claim of capriciousness or arbitrary conduct can be laid to the Board, nor does Ackerley make any such claim. Rather, it is Ackerley's position that the Town reported to the Board only the billboards of Ackerley's predecessor as violative of the Town's ordinances and that many other similarly situated billboards owned by different entities were not so indicted. The evidence

Ackerley sought to proffer on this issue was excluded by the Board and it is this exclusion of which Ackerley complains.

I conclude that the Board erred in excluding this evidence. The prohibitions of Board Regulation 4(g) are triggered only by violation of an applicable town ordinance. It does seem to me that if the Town discriminated in choosing the billboards to report to the Board as violative of local ordinances, that discrimination—if significant in a legal sense—is relevant to a proper determination of the issues before the Board. At bottom, the claim of selective prosecution or enforcement is a claim that Ackerley has been denied equal protection of the laws. The Board is competent to determine that claim in the first instance and, once it was properly raised, ought have received evidence concerning it.

Second, the Board responds by arguing that, in effect, even if the evidentiary ruling was incorrect, the error is harmless since the proffered evidence, even if credited, does not make out a case of selective prosecution under the standards enunciated in **Commonwealth v. Franklin,** Mass. Adv. Sh. (1978) 3181, 3190. There, the Supreme Judicial Court held that a defendant, in order to succeed upon a claim of selective prosecution, must show that a broader class than those prosecuted had violated the law, that the failure to prosecute was intentional or consistent, and that the decision to prosecute was based on an impermissible factor such as race, religion, or sex. Ackerley admits it cannot meet this test but urges that the test is overly strict in the circumstances of this civil case. It argues that the general arbitrariness inherent in choosing its signs for prosecution is sufficient to warrant relief. Interestingly enough, some two months before the Dedham case was heard, the Supreme Judicial Court had applied a general arbitrariness test in a criminal case but declined, on the record there presented, to determine whether that test, rather

---

[5]There is no evidence at all on this point but it is clear that Ackerley, the claimant of non-conforming use protection, bore the burden of proof. **Town of Bridgewater v. Chuckran,** 351 Mass. 20, 24 (1966) (Kirk, J.). **Colabufalo v. Public Buildings Comm'r of Newton,** 332 Mass. 748, 751 (1955).

than the one announced in **Commonwealth v. Franklin, supra,** was appropriate. **Commonwealth v. Leo,** Mass. Adv. Sh. (1979) 2245, 2250. See K. C. Davis, **Administrative Law of the Seventies,** Sections 4.00-6-4.00-7, 28.00-28.00-5 (1976) for the development of the argument favoring the arbitrariness standard. See also 2 K. C. Davis, **Administrative Law Treatise,** 218 (2d Ed. 1979).

The instant case, however, requires a resolution of the appropriate standard to apply since, if arbitrariness is all that is necessary to make out a claim of selective prosecution, the failure of the Board to admit the evidence proffered by Ackerley taints its ultimate conclusion and requires a rehearing. I am persuaded, for many of the reasons advanced by Professor Davis, that the **Franklin** standard is, in fact, too onerous to be applied in the circumstances of the present case and that Ackerley need not show that an impermissible factor such as race, religion, or sex influenced the prosecutorial decision. On the other hand, I conclude that Ackerley, in order to sustain a selective prosecution defense, must present evidence which goes beyond that necessary to sustain a finding that Town officials singled out Ackerley's predecessor as a target for administrative action. Stated in other words, Ackerley must be prepared to show that the determination to prosecute its predecessor and not others who have arguably violated the Town ordinance is the result of an intention to discriminate against Ackerley in favor of others who are similarly situated, i.e., an actual intent to have the law bear down on Ackerley while permitting others to avoid its strictures. **Washington v. Davis,** 96 S. Ct. 2040, 2049 (1976). See "The Supreme Court 1975 Term," 90 Harv. L. Rev. 56, 114 (1976).

To permit the defense of selective prosecution to be maintained upon any lesser proof would, in my judgment, give it too great a sweep and frustrate legitimate administrative enforcement techniques. Just as is the case in the criminal context, selective enforcement may well be appropriate for a variety of reasons—generalized enforcement may not be feasible given budgetary constraints; indeed, it may be strategically inappropriate. Surely it is appropriate to bring "test cases" (especially in this era of expanded liability of municipal officials under 28 U.S.C. sec. 1983), or when "striking examples" are sought to be made to further a perceived deterrent effect. See **People v. Utica Daw's Drug Co.,** 16 App. Div. 2d 12 (N.Y. 1962). The Town of Dedham "is not required to enforce the (ordinance) against all potential violators simultaneously; (it) may proceed in an orderly fashion." **Purity Supreme, Inc. v. Attorney General,** Mass. Adv. Sh. (1980) 1349, 1370. I conclude, therefore, that even if the evidence profffered by Ackerley had been admitted and given full weight, the Board could only have speculated concerning whether the Town's singling out Ackerley's predecessor as violative of its ordinances was due to some appropriate technique of administrative enforcement or some more invidious type of discrimination. In short, Ackerley's proof, even if credited, falls short of sustaining a selective prosecution defense. Therefore, while it was error to exclude this evidence, the error was harmless.

For the reasons expressed above and in the original Memorandum of Decision, the decision of the Board in the Dedham case, No. 13261 is affirmed and judgment will enter enforcing forthwith the Board's order for removal. See footnote 22 in the original Memorandum of Decision.

By the court,
**William G. Young**
**Justice of the Superior Court**