YANKEE ADVERTISING CO., INC. *vs.* OUTDOOR
ADVERTISING BOARD.

Suffolk.    May 8, 1984. — June 8, 1984.

Present: GRANT, BROWN, & PERRETTA, JJ.

*Billboard. Zoning,* Billboard.

A decision of the Outdoor Advertising Board revoking a permit for a bill-
board and ordering its removal was not rendered invalid by the board's
failure to make an express finding that the billboard was an off-premises
sign and thus subject to regulation by the board. [226-227]

The Outdoor Advertising Board did not err in refusing to renew a permit for
a 600 square foot off-premises billboard on the ground that maintenance
of the billboard violated a section of a town's zoning by-law stating that
advertising signs and devices "shall be permitted only as follows," and
then listing three types of on-premises signs permitted. [227-229]

CIVIL ACTION commenced in the Superior Court Department
on November 27, 1978.

The case was heard by *Hallisey,* J., on a master's report.

*Jo Ann Shotwell,* Assistant Attorney General, for the defend-
ant.

*Mary K. Ryan* for the plaintiff.

GRANT, J. On October 3, 1978, the Outdoor Advertising
Board (board) (G. L. c. 16, § 14; c. 93, §§ 29-33) rendered
a summary decision (see *Maurice Callahan & Sons* v. *Outdoor
Advertising Bd.,* 12 Mass. App. Ct. 536, 537 [1981]) by which
it revoked the permit for and ordered the removal of a 600
square foot billboard which Yankee Advertising Co., Inc.
(Yankee), had maintained along Route 20 in Oxford since
1961. The basis of the board's decision was that the billboard
was being maintained in violation of § 8A of the Oxford zoning

by-law and was thus in contravention of § 4(g) of the board's rules and regulations, 311 Code Mass. Regs. 3.04(7) (1978).[1]

Yankee sought review in the Superior Court under G. L. c. 30A, § 14. The case appears to have languished there for more than four years until, on January 10, 1983, a report was filed by a special master who had been appointed for the purpose of considering and making recommendations with respect to cases arising under § 14. The master recommended that the board's decision be declared "contrary to applicable law and not supported by substantial evidence" and that judgment be ordered for Yankee. On the very day the master's report was filed, a judge of the Superior Court, without explanation and seemingly without any opportunity for hearing by the parties, endorsed his approval (see Mass.R.Civ.P. 58[a][2], 365 Mass. 826 [1974]) on a form of judgment which tracked the language just quoted, vacated the decision of the board, and concluded with "Judgment for the Plaintiff."[2] The judgment was entered on the docket two days later. The board appealed.

1. The parties have concentrated their respective arguments before us in the two areas in which the master found fault with the board's decision. We consider first the master's observation that the board failed to take any evidence or make any finding of fact (see G. L. c. 30A, § 11[4] and [8]) from which it could

---

[1] That regulation reads as follows: "No permit shall be granted or renewed for the location or maintenance of a Sign within a city or town except where such location or maintenance is in conformity with applicable city and town ordinances and by-laws enacted in accordance with section 29 of chapter 93 of the General Laws; and no ordinance or by-law shall be deemed inconsistent with the rules and regulations of the Board on the ground that such ordinance or by-law prohibits the location or maintenance of a Sign which in the absence of said ordinance or by-law would be in conformity with the said rules and regulations." The history of the regulation and the interplay between its provisions and those of local zoning ordinances or by-laws have been considered by both appellate courts. See *John Donnelly & Sons* v. *Outdoor Advertising Bd.,* 361 Mass. 746, 748-753 (1972) (Avon); *John Donnelly & Sons* v. *Outdoor Advertising Bd.,* 369 Mass. 206, 209-215 (1975) (Brookline); *Millbury* v. *Galligon,* 371 Mass. 737, 738-740 (1977) (Millbury); *Maurice Callahan & Sons* v. *Outdoor Advertising Bd.,* 12 Mass. App. Ct. at 537, 538-540 (Lenox).

[2] We have been unable to conclude that the judge did anything other than rubber stamp the recommendations of the master.

be inferred that the billboard in question was an off-premises sign which was subject to regulation by the board under G. L. c. 93, §§ 29-30A. Most of the evidence before the board has not been put before us,[3] but we can and do note the absence from the board's decision of any express finding that the particular billboard is an off-premises one. We are hard put to imagine a more innocuous deficiency. Yankee would not have applied to the board for a permit in 1961 and would not have resisted the board's efforts to revoke the permit in 1978 and thereafter if its billboard had been an on-premises sign expressly exempted from the board's jurisdiction under the first branch of the proviso of G. L. c. 93, § 30. We think the master's observation was directed to a non-issue.

2. It has been clear ever since 1972 that the provisions of what is now § 4(g) of the board's rules and regulations operate to forbid the erection or maintenance of an off-premises sign which would be or is in violation of the provisions of a local zoning ordinance or by-law. See note 1, *supra,* and the cases cited therein. As already mentioned, the basis of the board's decision was its conclusion that the billboard in question was being maintained in violation of § 8A ("Signs") of the Oxford zoning by-law, which is set out in the margin.[4] The master (and

---

[3] The portions of the record before the board which have been reproduced in the record appendix do not disclose what evidence was introduced before the board or the form it took. See *Kunen* v. *First Agricultural Natl. Bank,* 6 Mass. App. Ct. 684 (1978). Counsel were in agreement at the argument that the master had before him the entire record of the proceedings before the board.

[4] SECTION 8A. SIGNS

In all districts advertising signs and devices which are visible from outside any building or other structure shall be permitted only as follows:

    a. One sign not exceeding six square feet identifying a home profession or occupation.

    b. A "For Sale" or "For Rent" sign not exceeding six square feet and advertising only the premises on which the sign is located. A larger sign not exceeding sixteen square feet may be permitted upon the grant of a special permit by the Board of Appeals.

    c. One bulletin or announcement board, sign or device for each business establishment on the premises. Each such bulletin or announcement board, sign or device shall not exceed thirty-two square

presumably the judge) concluded that the by-law does not cover off-premises signs.

Section 8A does not stand alone. Section 3 ("Establishment of Districts") provides for five separate classes of zoning district in the town. Sections 4 through 7A of the by-law enumerate all the uses permitted as of right or by special permit in each class of district. None of the enumerations includes a billboard or sign of any sort, and each enumeration is prefaced by the legend "Any uses not so permitted are excluded unless otherwise permitted by law or by the terms of this by-law." Section 8A is the only part of the by-law which contains any reference to any kind of sign. That section commences with the all-encompassing words "In *all* districts advertising signs and devices which are visible from outside any building or other structure shall be permitted *only* as follows" (emphasis supplied).[5]

The various subsections of § 8A which list what is "permitted" are revealing. Thus, subsection (a) permits a sign "identifying a home profession," which is defined in § 2 ("Definitions") as "[u]se of a portion of a single family dwelling or accessory building as a workroom of a resident *of the premises*

---

feet and shall identify only a business establishment on the premises. A bulletin or announcement board, sign or device exceeding thirty-two square feet may be permitted only upon the grant of a special permit by the Board of Appeals which may approve an application for a special permit for such purpose only if it appears that the erection and maintenance of such bulletin or announcement board, sign or device will not adversely affect the neighborhood.

d. Any lighting of a sign or device shall be continuous. All signs and devices shall be stationary and shall not contain any visible moving parts.

e. No portion of any sign shall project beyond any street line of the lot on which it is located.

[5] As appears from the original papers, the words "visible from the outside of any structure" were employed in § 7.1.1 of the Lenox by-law which was construed to prohibit off-premises signs in *Maurice Callahan & Sons* v. *Outdoor Advertising Bd.,* 12 Mass. App. Ct. at 538-540. That section read in pertinent part: "No signs or advertising devices of any kind or nature shall be erected on any premises or affixed to the outside of any structure or be visible from the outside of any structure . . . except as specifically permitted . . . ." There is no reason for distinguishing between that language and the combination of the clauses which have been quoted from the Oxford by-law.

engaged in a customary home profession or occupation . . ." (emphasis supplied). Subsection (b) permits a "For Sale" or a "For Rent" sign advertising *only the premises on which the sign is located*" (emphasis supplied). Subsection (c) permits "[o]ne bulletin or announcement board, sign or device for each business establishment *on the premises*" (emphasis supplied). No other type of sign is permitted. It will be noted that each type of sign which is permitted must be located on the premises to which its message relates. We also think it significant that no sign larger than thirty-two square feet in area can be erected or maintained without a special permit from the board of appeals.

When those facts are considered in light of the preamble of § 8A ("permitted only as follows") and the prohibitory legend which prefaces each of the five enumerations of permitted uses set out in §§ 4 through 7A, we have no doubt that § 8A was intended to prohibit all off-premises signs such as the one of 600 square feet involved in this case.

We have not overlooked the master's views or the arguments advanced by Yankee. We think both the master and Yankee have failed to grasp the significance of the "permitted only as follows" language of the preamble of § 8A when that language is considered alongside the other provisions of the by-law which have already been delineated in this opinion. We think it not without significance that at some unidentified point following the decision in *John Donnelly & Sons* v. *Outdoor Advertising Bd.*, 361 Mass. 746, 748-753 (1972), possibly in 1977 but in any event prior to the commencement of the present proceedings in 1978, subsection (c) of the by-law was amended to contain the explicit requirement already noted that signs of the type subject to that subsection identify only a "business establishment *on the premises*" (emphasis supplied).

The judgment is reversed, and a new judgment is to be entered which affirms the decision of the board and orders the removal of the billboard.

*So ordered.*